UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LA'OTIS NICKELSON,  
SHONDRECA SANDERS,  
ROYLENA HUMPHREYS,  
AMBER TREPAGNIER

CIVIL ACTION 18-4147

VERSUS

SEC          MAG

PROGRESSIVE COMMUNITY CARE CENTER, LLC;  
KEYORKA DENNIS, OFFICIALLY AND PERSONALLY

JURY TRIAL REQUESTED

DATE:_____          CLERK:_____

## COLLECTIVE ACTION COMPLAINT (FLSA)

**NOW INTO COURT**, through undersigned counsel, come La'Otis Nickelson, Shondreca Sanders, Roylena Humphreys, and Amber Trepagnier (hereinafter "Plaintiffs") who, in accordance with 29 USC §201, *et. seq*, institute the instant cause.

### PARTIES

1. Plaintiff La'Otis Nickelson is of full age of majority, competent, and residing in St. John the Baptist Parish, Eastern District of Louisiana.

2. Plaintiff Shondreca Sanders is of full age of majority, competent, and residing in St. John the Baptist Parish, Eastern District of Louisiana.

3. Plaintiff Roylena Humphreys is of full age of majority, competent, and residing in St. John the Baptist Parish, Eastern District of Louisiana.

4. Plaintiff Amber Trepagnier is of full age of majority, competent, and residing in St. John the Baptist Parish, Eastern District of Louisiana

5. Made Defendant is Progressive Community Care Center, LLC, a limited liability corporation organized and doing business in the State of Louisiana, St. John the Baptist Parish.

6. Made Defendant is Keyorka Dennis, Manager, Owner, and Registered Agent of Progressive Community Care Center, LLC.

7. At all times relevant to Plaintiffs' claim brought herein, Defendant Keyorka Dennis had the ultimate authority to hire, fire, supervise, and discipline Progressive Community Care Center, LLC employees, including the Plaintiffs herein.

8. Defendant Progressive Community Care Center, LLC employed Plaintiffs as mental health professionals, within the meaning of 29 U.S.C. § 203(e).

## VENUE & JURISDICTION

9. Venue & Jurisdiction are proper before this Honorable Court pursuant to 28 USC §1331 and 28 USC §1391.

## STATEMENT OF FACTS

10. In connection with their employment with Defendants, Plaintiffs prepared patient treatment records and reports.

11. In connection with their employment with Defendants, Plaintiffs counseled patients individually and in group sessions, to assist in overcoming dependencies in adjusting to life.

12. In connection with their employment with Defendants, Plaintiffs collected information from patients through interviews, observations, and tests.

13. Plaintiffs were required to travel from site to site to conduct work on behalf of Defendants.

14. Plaintiffs were required to attend monthly meetings and training directed by Defendants.

15. Defendants had ultimate approval authority over Plaintiffs' field work.

16. Plaintiffs were not compensated for attending mandatory monthly meetings and trainings.

17. Plaintiffs were not compensated or reimbursed for travel from site to site.

18. Plaintiffs starting salaries ranged from $18-20/hour.

19. Beginning in or about December 2015, Defendants starting paying Plaintiffs irregularly.

20. Defendants initially claimed that the reason for the irregular payments was a change in providers.

21. Days beyond the scheduled pay date would pass with Plaintiffs receiving no compensation for hours worked.

22. When employees complained about not being compensated, Defendants threatened to terminate them.

23. Over a period of approximately eighteen (18) months, Plaintiffs waited patiently to receive full compensation for hours worked.

24. Defendants' reasons for delays in paying Plaintiffs or not paying them at all evolved from alleged changes in providers to "recent financial hardships"; "repeated changes at the state level"; and "slowing of claims payments".

25. The Department of Labor was notified of Defendants' pay irregularities in/around October 2017.

26. Defendants failed to respond to notices sent to them by the Department of Labor.

27. Defendants issued a W-2 to Plaintiff La'Otis Nickelson in 2018, which purported to have paid her wages she earned in 2017, which Defendants did not actually pay her.

28. Defendants made repeated promises by email and other written correspondences to pay Plaintiffs wages that they earned.

29. Because of they were not paid earned wages, each Plaintiff herein ended her employment with Defendants.

30. Defendants never paid Plaintiffs all of the wages Plaintiffs earned, from December 2015 through the dates each Plaintiff's employment with Defendants ended.

## COLLECTIVE ACTION

31. With respect to FLSA claims brought herein, Plaintiffs institute this action on their own behalf as well as all others situated similarly to Plaintiffs ("the Plaintiff Class") who, like Plaintiffs, were not paid earned wages.

32. Plaintiffs specifically allege that Defendants willfully stopped paying Plaintiffs and the putative Plaintiff Class members earned hourly wages, alleging on one occasion that nonpayment resulted from changes taking place in the payroll system; on another occasion that recent financial hardships were created by repeated changes at the state level and the slowing of claims payments; and on another occasion that payroll was being "pushed back."

33. Plaintiffs and the putative Plaintiffs class are not FLSA-exempt employees.

## CAUSES OF ACTION
Count 1.  FLSA Failure to Pay Earned Wages

34. Plaintiffs sue Defendants on their own behalf as well as on behalf of a putative "FLSA Earned Unpaid Wages Class," for Defendants' willful violations of the FLSA.

35. Defendants stopped regularly and fully paying Plaintiffs wages that Plaintiffs earned sometime in December 2015.

36. Defendant's conduct, in ceasing to pay Plaintiffs and the putative earned unpaid wages class was unreasonable in light of clearly established laws.

37. Because Defendant's conduct was willful and in gross violation of FLSA, Plaintiff submits that the putative FLSA Earned Unpaid Wages Class should be defined as employees of the Defendants who, at any time during the three years immediately preceding the filing of this suit, have been employed by the Defendant as hourly or non-exempt employees and who, during that three-year period, failed to receive regular and full compensation for all hours worked.

38. Defendants' falsification of wage earnings information, suggesting that it paid Plaintiff La'Otis Nickelson wages that she earned but that Defendants actually did not pay her, indicate grossly bad faith by Defendants.

39. Defendants failure to respond to notice from the Department of Labor imputes grossly bad faith to Defendants.

## DAMAGES

40. Plaintiffs have lost wages as a result of Defendants' conduct.

41. Plaintiffs have suffered severe emotional distress as a result of Defendants' conduct.

42. Plaintiffs seek to recover unpaid wages.

43. Plaintiffs seek damages for mental anguish; Plaintiffs seek attorney fees and costs associated with the instant litigation, with interest from the date of judicial demand, as well as all other equitable relief this Court deems appropriate.

44. As a result of Defendants' FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid wages, plus an additional amount in liquidated damages.

45. As a result of Defendants' FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover attorney fees and costs.

## PRAYER FOR RELIEF

46. Wherefore, Plaintiffs prays that, after due proceedings, judgment enter in their favor and against Defendants Community Care Center, LLC and Keyorka Dennis, officially and personally, awarding Plaintiffs:

- General and special damages for severe emotional distress;

- Unpaid Wages;

4

- Legal interest retroactive to the date of judicial demand;

- Trial by Jury;

- Costs and reasonable attorney fees; and

- All other relief deemed just and equitable by this Honorable Court.

47. After due proceedings, Plaintiffs further prays that, in furtherance of Plaintiffs' FLSA claims brought personally and on behalf of the putative earned unpaid wages class, an Order issue:

- Certifying this case as a collective action under 29 U.S.C. § 216(b); and

- Directing that notice of the lawsuit be issued in an effective manner to the FLSA Class so that similarly situated employees may promptly file consent forms and join this action, in accordance with 29 U.S.C. § 216(b).

48. In due course, and in connection with their FLSA claims brought herein personally and on behalf of the putative class, Plaintiffs further seek judgment in favor of the class:

- Awarding damages in the amount of all unpaid wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

- Declaring that Defendants' conduct violated the FLSA;

- Enjoining the Defendant from violating the FLSA's provisions; and

- Awarding Plaintiffs and the putative overtime class reasonable attorneys' fees and the costs of this action.

       Respectfully Submitted By:
       **/s/ Nghana Lewis Gauff**
       _____
       Nghana Lewis Gauff, 31407
       1317 W Airline Ste E LaPlace, LA 70068
       (504) 402-5911  (985) 359-4805
       nlglawfirm@bellsouth.net

## **Certification**

I certify that commensurate with the filing of this cause, I have requested that summons issue to the following named Defendant(s):

Progressive Community Center, LLC
through Keyorka Dennis
3205 Hwy 51 Ste C
LaPlace, LA 70068

Keyorka Dennis
3205 Hwy 51 Ste C
LaPlace, LA 70068

**/s/  Nghana Lewis Gauff, 31407**