UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LA'OTIS NICKELSON, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4147** |
| **PROGRESSIVE COMMUNITY CARE CENTER, LLC ET. AL.** | **SECTION "B"(1)** |

## ORDER AND REASONS

Before the Court are plaintiffs La'Otis Nickelson, Shondreca Sanders, Roylena Humphreys, and Amber Trepagnier's (collectively "plaintiffs") motion for attorney's fees (Rec. Doc. 30) and Clerk of Court's bill of costs (Rec. Doc. 33). For the reasons below,

**IT IS ORDERED** that plaintiffs' motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART.** Defendants are hereby ordered to pay plaintiffs $3,628.12 in reasonable fees[1] and $640.00 in recoverable costs, for a total of $4,268.12.

**FACTS AND PROCEDURAL HISTORY**

This is a collective action to recover unpaid earned wages. *See* Rec. Doc. 1. Plaintiffs brought this action on behalf of themselves and others similarly situated to them to recover unpaid earned wages from defendants Progressive Community Care Center, LLC and Keyorka

---

[1] The calculation of the lodestar is as follows:

**Reasonable Hours x Rate = Total**

16.875 x $215 per hour = $3,628.12

1

Dennis, who is the manager, owner, and registered agent of Progressive Community Care Center, LLC. *See id*. at 1.

Plaintiffs worked for defendants as mental health professionals. *See id*. at 2. Plaintiffs allege that beginning in or around December 2015, defendants started paying them irregularly. *See id*. Defendants told plaintiffs that there were stops in payment because there were changes in providers, changes were taking place in the payroll system, and changes at the state level were creating financial hardships. *See id*. Plaintiffs allege that when employees complained about not being compensated, defendants threatened to terminate them. *See id*. Plaintiffs waited approximately 18 months to receive full compensation for the hours that they had worked. *See id*. at 3.

The Department of Labor was notified of defendants' pay irregularities in or around October 2017. *See id*. Defendants failed to respond to notices sent by the Department of Labor. *See id*. Plaintiffs allege that defendants repeatedly promised through written correspondences to pay plaintiffs; however, defendants never paid plaintiffs all of the wages that they earned from December 2015 through their respective last day. *See id*.

On April 23, 2018, plaintiffs filed their complaint.[2] *See* Rec. Doc. 3. Proof of serving summons and complaint upon defendants was filed on May 8, 2019, showing a service date of May 4, 2018. Rec.

---

[2] Defendants did not file an answer.

Docs. 11-12. On June 21, 2018, plaintiffs filed an affidavit from their process server attesting to proof of service upon defendants on May 4, 2018. Rec. Doc. 16-1. On August 16, 2018, the Clerk of Court granted plaintiffs' motion for entry of default as to defendants. *See* Rec. Doc. Nos. 16, 19. On March 15, 2019, this Court entered judgment in favor of plaintiffs in the total amount of $28,650.00 plus judicial interest until the judgment is paid, plus reasonable attorney fees and costs associated with this action. *See* Rec. Doc. 25. On April 5, 2019, plaintiffs filed a motion for attorney's fees.[3] *See* Rec. Doc. 30. On May 17, 2019, the Clerk of Court submitted a bill of costs. *See* Rec. Doc. 33.

Plaintiffs contend that, pursuant to the Fair Labor Standards Act ("FLSA"), they are entitled to attorney's fees in the amount of $4,031.25 for 18.75 hours of attorney time. Counsel for plaintiffs expended 18.75 hours to bring this cause of action to closure. Counsel's billing rate of $215.00 per hour is his customary rate for litigating federal cases and within the range of rates for attorneys with similar experience, skill, and ability. Therefore, this Court should enter a judgment awarding plaintiffs attorney's fees in the amount of $4,031.25.[4] *See* Rec. 30-1 at 2.

**LAW AND FINDINGS**

    **A. FLSA Fee Shifting**

---

[3] Defendants did not file an opposition.
[4] Defendants did not file an opposition.

In 1938, Congress enacted the FLSA to protect the laboring public from unfair labor practices. *See* 29 U.S.C. § 202. Pursuant to the FLSA, courts shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action" when a judgment is awarded to the plaintiff. 29 U.S.C. § 216(b). A default judgment was entered in favor of plaintiffs. *See* Rec. Doc. 25. Accordingly, reasonable attorney's fees and costs shall be paid by defendants to plaintiffs. *See e.g., Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) ("[E]nforceable judgments on the merits and court-ordered consent decrees create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees."). However, it remains to determine what fees and costs, if any, are reasonable.

**B. Calculation of Lodestar**

Courts in this Circuit use the lodestar method for determining an appropriate attorneys' fee award under the FLSA. *See Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). The lodestar method consists of two steps. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The first step is to determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *See id.* The second step is to multiply the determined hours by the determined rate. *See id.* The resulting product is the lodestar. *See id.*

The lodestar may be accepted as is or adjusted. *See Johnson v. Georgia Highway Exp.,* 488 F. 2d 714, 717-19 (5th Cir. 1974). There are twelve factors to consider in establishing whether to accept or adjust the lodestar. *See id.* Those twelve factors are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation. And ability of counsel; (10) the undesirability of the case; (11) the nature and length of the proceedings; and (12) awards in similar cases. *See id*.

However, "to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

### a. Reasonable Hours Expended

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended . . .." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In documenting the hours expended, attorneys should "exercise billing judgment by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards." *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008). "The remedy for failing to exercise billing judgment

is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended." *Id.*

Courts may eliminate hours that are excessive, duplicative, and too vague to permit meaningful review. *See Johnson v. Big Lots*, 639 F. Supp. 2d 696, 792 (E.D. La. 2009). Court may also deduct time spent on unsuccessful or unnecessary pleadings, discovery, or memoranda. *See White v. Imperial Adjustment Corp.*, 2005 U.S. Dist. LEXIS 13382 *1, *34 (E.D. La. 2005). "The Fifth Circuit has repeatedly determined that bald assertions regarding the exercise of billing judgment are insufficient." *See Dardar v. T&C Marine, L.L.C.*, 2018 U.S. Dist. LEXIS 139837, at *17 (E.D. La. 2018).

Plaintiffs submit a declaration of their counsel and time records to establish an amount for the fee award. *See* Rec. Doc. Nos. 30-2, 30-3. The declaration and time records exhibit the following total:

***Total Hours:*  18.750**

The time entries are generally well documented; however, some entries are duplicative and vague. Examples of the latter include: "communication, L. Nickelson", "meeting, Trepagnier, Nickelson, Sanders, Humphreys", and "motion extension of time". *See* Rec. Doc. 30-3 at 1-2. Obviously, counsel must communicate with the client(s) on a regular basis but without further explanation concerning counsel's communications with his client(s), a meaningful review of the entries is limited. It is also impossible to decipher from the

"motion extension of time" entry whether counsel was reading, drafting, or filing the mentioned motion. Counsel declares that "[a]ll events billed were necessary to further the litigation without unnecessary duplication of effort or unreasonable expending of time" but does not does provide the Court with evidence of their own applied billing judgment. *See Dardar*, 2018 U.S. Dist. LEXIS 139837 at *18 ("Braud has provided no comparison of the hours actually worked to the hours written off and thus has not established by competent evidence that its counsel fully wrote off all unproductive, excessive or redundant hours."). Therefore, a limited reduction is warranted.

Accordingly, the Court will apply a ten percent reduction to the hours that plaintiffs submitted. *See Pruett v. Harris County Bail Bond Dd.*, 499 F.3d 403, 418 (5th Cir. 2007)(stating that courts may use their equitable discretion to reduce an award); *see, e.g.*, *Saizan*, 448 F.3d at 800 (10% reduction for vagueness, duplicative work and lack of billing judgment). With that, the result is as follows:

***Total Reasonable Hours:         16.875***

   **b. Reasonable Hourly Rate**

Reasonable fees are calculated based on the prevailing market rate in the relevant community for similar services by attorneys of reasonably comparable skill and experience. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). "Determination of the reasonable hourly rate

for a particular community is generally established through affidavits of other attorneys practicing there." *Chisholm v. Hood*, 90 F. App'x 710 (5th Cir. 2004). These determinations of rates are performed on case-by-case basis. *See id*.

To establish that their counsel's rate is reasonable, plaintiffs submit a declaration of their counsel. *See* Rec. Doc. 30-2. The declaration highlights counsel's skill and experience as well as a certification of the hourly billing rate. *See id*. at 1-2. Specifically, the submission declares that counsel for plaintiffs is a solo practitioner; has been practicing in federal courts of Louisiana for 9 years; and has represented clients in a variety of federal cases, including those brought in accordance with the FLSA, Title VII, and § 1983. *See id*. at 2. Counsel for plaintiffs previously certified an hourly billing rate as $215 in Civil Action No. 15-2515. *See id*. at 2 fn. 1. In this District, rates from $200 to $400 per hour have been found to be reasonable for FLSA work in the New Orleans community, depending on counsel's experience. *See, e.g.*, *Funez v. EBM*, 2018 U.S. Dist. LEXIS 177529, *11 (E.D. La. 2018); *Smith v. Manhattan Mgmt. Co., LLC*, 2016 U.S. Dist. LEXIS 30814, at *7 (E.D. La. 2016); *Altier v. Worley Catastrophe Response, LLC*, 2012 U.S. Dist. LEXIS 6391, 2012 WL 161824, at *68 (E.D. La. 2012). Accordingly, the requested hourly rate of $215.00 is found reasonable.

**c. Johnson Factors**

In analyzing the lodestar, *Johnson* factors were considered. That consideration resulted in a reduction of the reasonable hours expended in this litigation. There is no need for the Court to reconsider the *Johnson* factors for a second time. *See Migis*, 135 F.3d at 1056.

### C. Costs

The Clerk of Court's bill of costs exhibits a total of $640.00.[5] *See* Rec. Doc. 33. Title 28 U.S.C. § 1920 provides that a court may tax the following costs:

> [F]ees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services.

*Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Counsel for plaintiffs is seeking the following costs:

| | |
|---|---|
| Fees of the Clerk: | $400.00 |
| Services Fees: | $240.00 |

Upon review of the bill of costs and findings by the Clerk of Court, there is sufficient basis for awarding $640.00 as recoverable costs under law. *See* Rec. Doc. 33.

---

[5] Other costs in the amount of $4.05 were not included in the total amount. *See* Rec. Doc. 33.

New Orleans, Louisiana this 30th day of July, 2019

                                                              _____
                                                              SENIOR UNITED STATES DISTRICT JUDGE